1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

8

9   | Lucas K. Johnson, on behalf of himself and
10  | the Class he seeks to represent,

| | |
|---|---|
| Lucas K. Johnson, on behalf of himself and the Class he seeks to represent, | Case No: 3:18-cv-02431-M |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE** |
| United States Department of Transportation; Elaine L. Chao, Secretary of the U.S. Department of Transportation; Federal Aviation Administration; and Daniel K. Elwell, Acting Administrator of the Federal Aviation Administration, | |
| Defendants. | (Assigned to the Honorable Barbara M.G. Lynn) |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

1
2

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................................ iii

I.     INTRODUCTION.................................................................................................................1

II.    BACKGROUND...................................................................................................................1

III.   ARGUMENT .......................................................................................................................2

   A.    Venue is Proper In The Northern District of Texas ....................................................2

   B.    A Transfer is Not Warranted.......................................................................................4

      1.    The *Brigida* litigation and this suit are substantially different and, therefore, this
      matter should not be transferred under the First-to-File Rule.........................................4

      2.    Transfer is not appropriate under 28 U.S.C. § 1404(a) ...........................................7

IV.    CONCLUSION ...................................................................................................................10

**Curry, Pearson & Wooten, PLC**
814 W. Roosevelt Street
Phoenix, Arizona 85007

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Brocq v. Lane*,
   No. 3:16-CV-2832-D, 2017 WL 1281129, at *2 (N.D. Tex. Apr. 6, 2017) ...................... 4

*Cadle Co. v. Whataburger of Alice, Inc.*,
   174 F.3d 599 (5th Cir. 1999) ................................................................................. 4

*Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*,
   844 F. Supp. 1163 (S.D.Tex. 1994) ..................................................................... 7

*Hart v. Donostia L.L.C.*,
   290 F. Supp. 3d 627 (W.D. Tex. 2018) ......................................................... 4, 5, 6

*In re Horseshoe Entertainment*,
   337 F.3d 429 (5th Cir. 2003) ................................................................................. 7

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ....................................................................... 7, 8, 9

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*,
   665 F.3d 671 (5th Cir. 2011) ................................................................................. 4

*Mohamed v. Mazda Motor Corp.*,
   90 F. Supp. 2d 757 (E.D.Tex. 2000) ..................................................................... 8

*Spencer v. Rumsfeld*,
   209 F.Supp.2d 15 (D.D.C. 2002) ......................................................................... 3

*TIG Ins. Co. v. NAFCO Ins. Co., Ltd.*,
   177 F.Supp.2d 561 (N.D.Tex. 2001) ..................................................................... 7

*Time, Inc. v. Manning*,
   366 F.2d 690 (5th Cir. 1966) ................................................................................. 7

*Turnley v. Banc of America Inv. Servs, Inc.*,
   576 F.Supp.2d 204 (D.Mass. 2018) ..................................................................... 2

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir. 1985) ................................................................................. 4

*White v. Peco Foods, Inc.*,
   546 F. Supp.2d 339 (S.D. Miss. 2008) ............................................................. 4, 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**Curry, Pearson & Wooten, PLC**
814 W. Roosevelt Street
Phoenix, Arizona 85007

**Statutes**

28 U.S.C. § 1404(a) ................................................................................1, 7, 10

28 U.S.C. § 1406(a) ...........................................................................................1

Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e et seq (1964) .......................2

**Rules**

Fed. R. Civ. P. 12(b)(3) ....................................................................................1

Fed. R. Civ. P. 12(b)(6) ....................................................................................1

**Other Authorities**

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352, at 324
(2004) ..............................................................................................................2

## I.    INTRODUCTION

Plaintiff, Lucas K. Johnson, through undersigned counsel, hereby files his *Response to Defendants' Motion to Dismiss or, alternatively, Motion to Transfer Venue*.

The Court must deny Defendants' Motion because the Complaint properly states a claim and proper venue under Federal Rules of Civil Procedure 12(b)(3) and (b)(6) as well as under 28 U.S.C.§§ 1404(a) and 1406(a).

It is well recognized in the American legal system that a plaintiff has strong deference in determining the venue of litigation. Here, there is no substantial overlap between the litigation currently occurring in the District of Columbia, *Brigida v. Chao*, Case No. 16-2227, and this matter as the substantive issues of the cases are unrelated, the parties are distinct, and the outcomes are not dispositive of one another. Further, there is no public or private interest that weighs in favor of a transfer strong enough to override the long-held presumption that a plaintiff's choice in venue should not be disturbed.

## II.    BACKGROUND

This lawsuit, which is wholly distinct from *Brigida*, is based on the implementation of a new and discriminatory test – the Biographical Assessment/Questionnaire ("BA/BQ") that was put into place by the Federal Aviation Administration ("FAA") in order to engage in racial balancing. The BA/BQ, which was an unverified and unvalidated examination that produced results with no correlation to the performance abilities needed for the position of air traffic control specialist, forbade capable and qualified applicants from moving forward in the hiring process based on pointed, racially biased, and meaningless questions into the applicants' personal background. This resulted in thousands of applicants being barred from moving forward in the hiring process even if they possessed military flight experience, college degrees specific to the job, and/or other advanced aviation experience. The FAA used the BA/BQ to discriminate against non-African American applicants.

Plaintiff Lucas Johnson, a resident of Texas, brought suit in this Court alleging violations of Title VII of the Civil Rights Act of 1964 by the FAA through its implementation and use of the BA/BQ. It is beyond dispute that Plaintiff exhausted his administrative remedies and filed suit within the required time period. Plaintiff has two degrees related to aviation, including one in air traffic control, and holds a job in air travel safety with a major commercial airline. Despite holding qualifications well over the minimum required for the position he sought, Plaintiff was not hired for a FAA vacancy after taking the BA/BQ and receiving word that he did not "pass." Plaintiff then brought suit seeking relief.

## III.    ARGUMENT

### A.    Venue is Proper In The Northern District of Texas

Venue was properly stated in the Complaint and, therefore, Defendants' Motion to Dismiss or transfer venue should be denied on these grounds. When weighing on venue, a court should take "[a]ll well-pleaded allegations in the complaint bearing on the venue question . . . as true, unless contradicted by the defendant's affidavits" and should construe and "draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352, at 324 (2004). Under Title VII, venue is proper in any state if it was where the "employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, **or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice**[.]" Only one of Title VII's venue provisions needs to be satisfied in order for venue to be proper. *Turnley v. Banc of America Inv. Servs, Inc.,* 576 F.Supp.2d 204, 212 (D.Mass. 2018).

Plaintiff alleges that the discriminatory conduct forbade him from securing employment in Texas and, therefore, this venue is proper as it meets the third prong of the venue requirement under Title VII. Courts will grant motions to dismiss Title VII claims for lack of venue when the employment opportunity that was sought was not located within the

Curry, Pearson & Wooten, PLC
814 W. Roosevelt Street
Phoenix, Arizona 85007

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

venue jurisdiction. *Spencer v. Rumsfeld*, 209 F.Supp.2d 15, 18 (D.D.C. 2002) (holding that venue was not proper in the District of Columbia under Title VII's venue statute where the defendant maintained that "even if it had promoted the plaintiff, he would have remained in Arlington, Virginia ...").

Plaintiff, a resident within the Northern District of Texas, applied for a position within the FAA. This position, although nationwide, had 23 possible posts in Texas, including air traffic control facilities within this district. Although the FAA assigns positions based on geographic need, it is impossible for Defendants to assert that Plaintiff would not have been stationed in Texas. Indeed, the FAA employs over 500 individuals at its Air Route Traffic Control Center in the state of Texas. Further, as Plaintiff holds Texas as his home, if he was employed by the FAA for the position he sought, it is likely that he would have eventually sought a transfer or relocation back to Texas.[1] Defendants assert that because Plaintiff is unable to guarantee that he would have been stationed in Texas, that he should be barred from adjudication in his home state, where he desired employment, because it is mere speculation. However, it would be the same level of speculation to assume that Plaintiff, or other possible class members, would not have been placed within the district. Defendants conclude that because Texas was not Plaintiff's first preference when he applied for the FAA five years ago – when he was living in a different state, that Texas was not a desired location. However, Plaintiff is now living in Texas and has intent in remaining in the state and would desire employment therein. But for the discriminatory practices employed by the FAA through the use of the BA/BQ, Plaintiff would have quite possibly been placed within this district's jurisdiction and, therefore, venue is proper.

---

[1] The FAA allows transfers to an employee's requested duty location in accordance with appropriate collective bargaining agreements.

**Curry, Pearson & Wooten, PLC**
814 W. Roosevelt Street
Phoenix, Arizona 85007

**B.    A Transfer is Not Warranted**

    **1.    The *Brigida* litigation and this suit are substantially different and, therefore, this matter should not be transferred under the First-to-File Rule.**

Defendants are not entitled to a transfer under the "first-to-file" rule because *Brigida* and the instant case are not similar enough to trigger this prophylactic doctrine. Under this rule, a court should only transfer a case to another venue if it is shown that the issues in the cases "substantially overlap*." Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The doctrine is one of discretion, which allows a court to transfer a case only for the sake of "avoid[ing] the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 720 (5th Cir. 1985). Because this matter and the *Brigida* matter do not substantially overlap and because none of the policy considerations behind the rule apply here, the case should not be transferred.

When examining whether two cases "substantially overlap," the court is to determine if "core issues are the same or if much of the proof adduced would likely be identical." *Brocq v. Lane*, No. 3:16-CV-2832-D, 2017 WL 1281129, at \*2 (N.D. Tex. Apr. 6, 2017); *see also White v. Peco Foods, Inc.*, 546 F. Supp.2d 339, 340 (S.D. Miss. 2008). Courts within the 5th Circuit will not find substantial overlap between cases if "the outcome of one is not necessarily dispositive of the other*." Hart v. Donostia L.L.C.*, 290 F. Supp. 3d 627, 631 (W.D. Tex. 2018). Additionally, courts will find a substantial overlap if all of the parties in both suits are the same. *Id.* If there is less than a complete overlap, courts are to embark on a case by case analysis "based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011).

To determine if there is substantial overlap, courts are to compare the core issues and the proof required to prove either claim, and if they are inherently similar, transfer is proper. *White, 546* F.Supp.2d at 342. In *White*, employees of a poultry processing plant brought suit

4

against their employer for failure to pay for various overtime activities. *Id.* at 340. The defendant moved to transfer to another court where another suit against them by employers had been filed. The court examined the two cases in order to determine if the first-to-file rule justified a transfer. *Id.* The court held that because the cases involved the *same claim* of failure to pay for certain activities and because they were the *exact same activities*, there existed substantial overlap to justify the transfer. *Id.* at 343.

Courts within the 5th Circuit will not find substantial overlap if the outcomes of the cases are not dispositive of one another. *Hart*, 290 F. Supp. 3d at 631. In *Hart*, the plaintiff employees sued their employers for misclassifying their employment status, barring them from receiving overtime pay. *Id.* at 629. The defendant moved for transfer on the grounds of first-to-file because another suit had been filed against them for similar claims in a different venue. The court held that because a result in one suit, whether it be for the defendant or the plaintiff, would not be dispositive of the result in the other suit, there was no substantial overlap and transfer was inappropriate. *Id.*

Additionally, courts should not transfer on these grounds if there is a difference in the parties in question. *Id.* The court in *Hart* also considered this in their analysis, finding that there was no substantial overlap between the suits when the plaintiff in the second suit was a putative member of the class in the first suit but was not directly involved in the litigation. *Id*.

Unlike the two cases that were seen to have substantial overlap, in *White* when they were derived from the same claims and involved the same activities, this case and *Brigida* only involve surface level similarities. Although both suits involve the FAA's hiring practices, the instant litigation involves the implementation of a new assessment in hiring determinations whereas *Brigida* is centered around the purging of a list of potential applicants from the prior hiring process. Finding substantial overlap here would only be possible if the two suits were viewed in the broadest sense possible, actions against the FAA involving hiring practices. Upon examination, it is clear that the suits do not involve the same substance or potential parties. *Brigida*'s central issue is whether the purge of an applicant list of approximately 2,700

5

college AT-CTI graduates from FAA approved air traffic control programs due to the racial makeup of the list was unjustified. Whereas this case centers around whether the FAA's subsequent use of the non-validated BA/BQ screening examination, that over 28,000 applicants from all sources and walks of life were required to take as part of the initial employment process, was proper and non-discriminatory. The issues, discovery, experts, and proof required in each case are different.

Further, just as the court in *Hart* denied transfer because the results in the cases were not dispositive of one another, this Court should similarly reject the transfer because a result in the *Brigida* case will not require a result in the present suit. A finding in this case that the BA/BQ used by the FAA was or was not discriminatory will not affect the outcome in *Brigida*. Likewise, a finding in *Brigida* will not affect the outcome of this case. The court in *Hart* held that because the outcome of the suits do not have a direct effect on one another they did not substantially overlap, and the same is true here.

Finally, because the parties in the respective suits are different, there is no substantial overlap. Looking again to the *Hart* court which relied on an examination of the parties in question to determine if there was substantial overlap, this court should also factor the parties into its determination. In *Hart*, the court held that because the parties in the second suit were simply members of the putative class in the first suit but were not directly involved, there was no substantial overlap. Similarly, here, Plaintiff is not directly involved in the *Brigida* litigation, he is simply another applicant who happens to be a AT-CTI graduate who was negatively affected by the FAA's use of the BA/BQ screening examination.

Further yet, the class in *Brigida* is limited to approximately 2,700 applicants who were on the FAA's preferred hiring list before it was purged and have not been hired, whereas the class in this case includes approximately 27,000-28,000 non-African American air traffic controller applicants from all walks of life and backgrounds. Finding that these parties involve "substantial overlap" ignores the fact that thousands of individuals could only be members of one class involved, many of which are Texas residents. As discussed further below,

6

Defendant's plan of transferring venue then moving to consolidate this case with *Brigida* will eliminate the possibility of class certification in either matter and potentially leave thousands of injured applicants without an appropriate remedy.

Courts will only transfer a case under the first-to-file doctrine if there is "substantial overlap" between the two suits. Here, because the two claims are substantively different, because the outcomes of the suits are wholly independent and non-dispositive, and because the parties involved are different, there is no substantial overlap and the motion to transfer on these grounds must be denied.

### 2.    Transfer is not appropriate under 28 U.S.C. § 1404(a)

Defendants additionally request a transfer under 28 U.S.C. § 1404(a), however, this ignores the long-held tradition of giving plaintiffs' choice in venue strong deference. Indeed, a "plaintiff's choice of forum is entitled to substantial weight when determining whether a transfer of venue is appropriate." *In re Horseshoe Entertainment*, 337 F.3d 429, 435 (5th Cir. 2003). A court should only disturb a plaintiff's choice of forum if "the balance of factors *strongly* favors the moving party." *TIG Ins. Co. v. NAFCO Ins. Co., Ltd.*, 177 F.Supp.2d 561, 569 (N.D.Tex. 2001) (emphasis added). The burden in establishing that a transfer is warranted rests with the moving party. *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966). Defendants have not met their burden. In order for a venue transfer under 28 U.S.C. § 1404(a) to be granted, it must be shown that the proposed venue is "substantially more convenient for the parties to litigate the case." *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co*., 844 F. Supp. 1163, 1165 (S.D.Tex. 1994). The court is to weigh both public and private interest factors. The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

7

Curry, Pearson & Wooten, PLC
814 W. Roosevelt Street
Phoenix, Arizona 85007

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

In regards to the private interest factors, Defendants base their argument on the inconvenience that they may experience by litigating this case in this district, but wholly ignore the fact that Plaintiff would experience a much higher level of difficulty and inconvenience. Unlike Defendants, Plaintiff is not a nationwide entity with legal resources, assets, and connections in both districts. Under these facts, regardless which venue is housing the suit, a party will be inconvenienced. However, Defendants cannot contend that they will suffer "substantial" inconvenience that would not be suffered by Plaintiff in the event of a transfer. Additionally, courts within this circuit have held that vague mentions of possible witnesses and where they reside will not be enough to outweigh a plaintiff's choice in venue on grounds of witness convenience. *Mohamed v. Mazda Motor Corp*., 90 F. Supp. 2d 757, 776 (E.D.Tex. 2000) (holding that the convenience factor was not met when the moving party named four possible witnesses and where they resided outside the venue to show that there was a more convenient venue). Therefore, Defendants reliance on named witnesses and FAA officials and where they currently reside does not trump Plaintiff's choice of forum. As evidenced by defense counsel, Defendants have the ability to litigate a case in Texas without prejudice to the private litigants. Finally, the private interest factor of ease of access to proof does not weigh in favor of a transfer. This factor should only be given "slight" value in this analysis due to the advancements in technology. *Id* (holding that this factor is granted only "slight significance due to the increasing ease of communication and transportation"). In this case, there is no reason to believe that the evidence required cannot be accessible instantly from any forum and, thus, it is unnecessary to factor this consideration. Because a transfer would inconvenience Plaintiff more than Defendants and because the convenience of witness and locality of evidence factors are not met, the private factors do not weigh in favor of a transfer.

**Curry, Pearson & Wooten, PLC**
814 W. Roosevelt Street
Phoenix, Arizona 85007

Likewise, the public interest factors are not heavy enough to overcome the strong presumption favoring Plaintiff's choice of forum. As acknowledged by Defendants in their Motion, two of the four interest factors are neutral. Defendants Motion to Dismiss at 14. Neither an argument based on congestion of the courts nor the ability of either venue to apply federal law "weigh substantially" in disturbing Plaintiff's choice in venue. It must be shown then that the remaining two interest factors carry this substantial weight. However, in this case, neither a localized interest nor the risk of inconsistent rulings give cause to transfer. Courts will not find the local interest factor to be substantially weighted if there could be an interest in "virtually any judicial district or division in the United States." *In Re Volkswagen*, 545 F.3d at 318. The Complaint alleges that FAA hiring practices discriminated against possible applicants across the nation, not in any single district. Therefore, any district with an aggrieved party would have just as keen an interest in resolving the matter as the venue that is home to Plaintiff. Lastly, because there is no risk of problems arising from conflicts of law issues, as the underlying actions challenge different events, transfer is inappropriate.

Defendants' attempt to conflate unrelated litigation to assert that there may be a conflict in litigating the cases separately. However, the two suits have no bearing on one another and, therefore, do not risk conflict of law issues. Defendants' stated plan is to transfer venue and then move to consolidate with *Brigida*. The consolidation of these cases would make class certification impossible as the commonality and typicality requirements, necessary for class certification, would be impossible to meet. Defendants' efforts to confuse and conflate the cases and issues here and in *Brigida* are no more than a pretextual attempt at frustrating class certification in either class. Because two of the four public interest factors are neutral, because there is no particularized local interest, and as there is no risk of conflict of law, the public interest factors do not weigh in favor of a transfer.

A plaintiff's choice of forum is entitled to substantial weight when determining whether a transfer of venue is appropriate and should only be disturbed if it is shown that the balance of the private and public interest factors strongly favor a transfer. Here, none of the

1   enumerated factors provide such a substantial weight that this court could use its discretion in

2   transferring the litigation as requested. Because Plaintiff's choice in forum is afforded such

3   deference and because Defendants have failed to establish that any of the interest factors

4   provide enough weight to offset this presumption, Defendants' Motion on 28 U.S.C. § 1404(a)

5   grounds must be denied.

## IV.     CONCLUSION

6           It has been long appreciated that a plaintiff should have the choice of forum to litigate

7   their actions. Here, because the litigation occurring separately in D.C. does not "substantially

8   overlap" and because there is no interest factor that "strongly outweighs" the presumption that

9   Plaintiff is entitled to their choice in venue, Defendant's Motion to transfer should be denied.

10          **RESPECTFULLY SUBMITTED** this 29ᵗʰ day of March, 2019.

                                    **CURRY, PEARSON & WOOTEN, PLC**

                                    */s/ Michael W. Pearson*
                                    Michael W. Pearson, AZ Bar No. 016281
                                    (*Pro hac vice forthcoming*)
                                    814 W. Roosevelt St.
                                    Phoenix, AZ 85007
                                    Office: (602) 258-1000
                                    Facsimile: (602) 523-9000
                                    docket@azlaw.com
                                    mpearson@azlaw.com

                                    Lori Blair, TX Bar No. 24061256
                                    King Blair, PC
                                    9124 Caddo Trial
                                    Flower Mound, TX 75022
                                    Office: (214) 326-0491
                                    Facsimile: (214) 326-0493
                                    lblair@kingblair.com

                                    *Attorneys for Plaintiff Lucas Johnson and Putative
                                    Class*

                        **CERTIFICATE OF SERVICE**

           I hereby certify that on March 29, 2019, I electronically filed the foregoing using the Court's

    CM/ECF system, causing a notice of filing to be served upon all counsel of record.

                                    */s/ Christine L. Penick*

**Curry, Pearson & Wooten, PLC**
814 W. Roosevelt Street
Phoenix, Arizona 85007