**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LUCAS K. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 3:18-cv-2431-M |
| U.S. DEPARTMENT OF | ) |
| TRANSPORTATION, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR,
ALTERNATIVELY, MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.   Venue Is Not Proper in This Judicial District ..................................................................... 2

    II.  Even If Venue in This Court Were Available, Transfer Is Warranted. ............................... 5

        A.  This Case Should Be Transferred to the Court Handling the First-Filed Case ............. 5

        B.  Alternatively, This Case Should Be Transferred Under 28 U.S.C. 1404(a) ................. 7

CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

*Abrams Shell v. Shell Oil Co.*,
    343 F.3d 482 (5th Cir. 2003) ................................................................................................ 2

*Blackberry Limited v. Avaya, Inc.*,
    No. 3:16-cv-2185-M, 2017 WL 4512835 (N.D. Tex. Oct. 10, 2017) ................................. 7

*Bowie v. U.S. Food Serv.*,
    No. 08-05833, 2009 WL 637382 (E.D. Pa. Mar. 11, 2009) ................................................ 5

*Breckenridge Enter., Inc. v. Avio Alternatives LLC*,
    No. 3:08-CV-1782-M, 2009 WL 1469808 (N.D. Tex. May 27, 2009) ............................. 3

*Brocq v. Lane*,
    No. 3:16-CV-2832-D, 2017 WL 1281129 (N.D. Tex. Apr. 6, 2017) ............................. 6, 7

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ........................................................................................... 5, 7

*Charles v. SBC Disability Income Plan*,
    No. 6:05-CV-006-C, 2005 WL 8159403 (N.D. Tex. Sept. 19, 2005) ................................ 2

*Crowley v. Holder*,
    843 F. Supp. 2d 1 (D.D.C. 2011) ........................................................................................ 4

*EEOC v. Store Opening Solutions, Inc.*,
    No. 3:09-63, 2010 WL 11515507 (N.D. Ga. Mar. 8, 2010) ............................................... 5

*Emelike v. L-3 Comm'cns Corp.*,
    No. 3:12–cv–2470, 2013 WL 1890289 (N.D. Tex. May 7, 2013) ..................................... 2

*Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*,
    290 F. Supp. 3d 599 (N.D. Tex. 2017) ................................................................................ 2

*Hart v. Donostia LLC*,
    290 F. Supp. 3d 627 (W.D. Tex. 2018) ............................................................................... 6

*In re Volkswagen Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (en banc) .............................................................................. 7

*Jackson v. Williams Plant Servs., LLC*,
    No. 1:05-CV-830, 2006 WL 1148824 (M.D. Ala. May 1, 2006) ....................................... 5

*Johnson v. Deloitte Servs., LLP*,
    939 F. Supp. 2d 1 (D.D.C. 2013) ........................................................................................ 5

*Kapche v. Gonzales*,
  No. V-07-31, 2007 WL 3270393 (S.D. Tex. Nov. 2, 2007) ........................................... 2, 4

*Mohamed v. Mazda Motor Corp.*,
  90 F. Supp. 2d 757 (E.D. Tex. 2000) ................................................................................. 8

*Olabisiomotosho v. City of Houston*,
  185 F.3d 521 (5th Cir. 1999) ............................................................................................. 2

*Raz Imports, Inc. v. Luminara Worldwide, LLC*,
  No. 3:15-cv-02223-M, 2015 WL 6692107 (N.D. Tex. Nov. 3, 2015) ........................... 7, 8

*Slaby v. Holder*,
  901 F. Supp. 2d 129 (D.D.C. 2012) ............................................................................... 3, 4

*Soul v. Movado Retail Group, Inc.*,
  No. 1:06-CV-2115, 2007 WL 1119296 (M.D. Pa. Apr. 10, 2007) ..................................... 4

*Stumpf v. City of Waxahachie*,
  No. 3:04-cv-946-M, 2004 WL 2413306 (N.D. Tex. Oct. 26, 2004) ................................... 1

*Technology Ins. Co. v. Ben E. Keith Co.*,
  No. 3:14–CV–3476–B, 2015 WL 4367597 (N.D. Tex. July 15, 2015) .............................. 6

*Victaulic Co. v. Romar Supply, Inc.*,
  No. 3:13–CV–02760–K, 2013 WL 6027745 (N.D. Tex. Nov. 14, 2013) .......................... 7

**INTRODUCTION**

Plaintiff has failed to carry his burden to establish venue in this judicial district for his claims under Title VII of the Civil Rights Act of 1964. He rests exclusively on the statutory provision granting venue where he "would have worked but for the alleged discrimination," 42 U.S.C. § 2000e-5(f)(3), arguing that venue is proper unless Defendants can rule out the possibility that he would have worked in Texas. But it is not Defendants' burden to disprove venue. And Plaintiff cannot establish that he would have worked in this judicial district where (1) he lived in Indiana at the time he applied for a position with the Federal Aviation Administration ("FAA"), (2) his first preference on that application was a region that did not include Texas, and (3) the FAA places new air traffic control specialists ("controllers") anywhere in the United States based on agency need. Plaintiff's speculation about ways he might have ended up in Texas cannot carry his burden. Therefore, venue is not proper in this Court, and the case must be dismissed or transferred.[1]

Accordingly, the Court need not reach Defendants' permissive venue arguments. At any rate, Plaintiff asks the Court to disregard the fact that his counsel previously filed another class action regarding the same set of changes in 2014 to the same FAA hiring process, relying on the same alleged discriminatory intent. The fact that Plaintiff's counsel has framed one case as challenging the end of the old process and framed this case as challenging an aspect of the new process does not alter the substantial overlap between the cases. Under both the first-filed rule and the permissive venue standard, it is appropriate to transfer this case to avoid unnecessary duplication of judicial resources. Moreover, Plaintiff's choice of forum does not outweigh the

---

[1] Plaintiff does not address, and therefore concedes, that all defendants other than the Secretary of the Department of Transportation must be dismissed. *See* Defs.' Mot. at 4-5. *See, e.g.*, *Stumpf v. City of Waxahachie*, No. 3:04-cv-946-M, 2004 WL 2413306, at *2 (N.D. Tex. Oct. 26, 2004) (dismissing defendant under Rule 12(b)(6) where plaintiff did not address issue in its response to motion to dismiss).

fact that witnesses and documents are primarily located in the District of Columbia, not the Northern District of Texas. Thus, even if venue were permissible in this Court—which it is not—it would be appropriate to transfer the case to the U.S. District Court for the District of Columbia.

## ARGUMENT

### I.   Venue Is Not Proper in This Judicial District

Title VII's venue provision states, in relevant part, that a case may be filed "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). It is Plaintiff's burden to establish that he satisfies this statutory requirement.[2] *Emelike v. L-3 Comm'cns Corp.*, No. 3:12–cv–2470, 2013 WL 1890289, at *1 (N.D. Tex. May 7, 2013); *see also Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017). Further, because it is Plaintiff's burden, "conclusory allegations, speculation, and unsubstantiated assertions cannot be used to establish proper venue." *Charles v. SBC Disability Income Plan*, No. 6:05-CV-006-C, 2005 WL 8159403, at *2 (N.D. Tex. Sept. 19, 2005); *cf. Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) ("Conclusory allegations, speculation, and unsubstantiated assertions are not evidence.").[3] Plaintiff thus cannot rely on this venue provision if the evidence shows that it is uncertain whether he would have worked in this judicial district. *See Kapche v. Gonzales*, No. V-07-31, 2007 WL 3270393, at *5 (S.D. Tex. Nov. 2, 2007) (holding that plaintiff "has not met his burden as to this basis for finding venue" where evidence supported finding that "where

---

[2] A putative class action cannot rely on absent class members to establish venue. *See Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 490 (5th Cir. 2003) ("[T]he relevant venue question in a class action is whether venue is proper as to the parties representing, and in effect standing in for the absent class members.").

[3] In *Galderma Laboratories*, this Court explained that only "well pleaded allegations" in Plaintiff's complaint are accepted as true, and that even these allegations can be overcome by "evidence controverting specific facts alleged in the complaint." 290 F. Supp. 3d at 605.

2

[plaintiff] 'would have worked' is uncertain").

Here, Plaintiff attempts to invert this burden, claiming that venue is proper unless *Defendants can prove* that "Plaintiff would not have been stationed in Texas." Pl.'s Opp'n at 3. This futile attempt cannot obscure Plaintiff's failure to plead any facts suggesting that he would have worked in this judicial district if hired by the FAA. *See* 1st Am. Compl. ¶ 7 (claiming only that "Plaintiff . . . resides within this judicial district"); *see also id.* ¶ 1 ("Plaintiff Lucas K. Johnson is a resident of and is domiciled in Dallas, Texas.").

Moreover, Plaintiff cannot carry his burden by asserting for the first time in his opposition brief that he "would have quite possibly been placed within this district's jurisdiction" because the FAA employs controllers within this district. *See* Pl.'s Opp'n at 3.[4] While the Court can take judicial notice that a small fraction of the FAA's controllers are employed within this judicial district,[5] the general distribution of an employer's workforce is an inadequate basis for venue under Title VII. Several courts have held that an employer's policy of assigning new employees anywhere they are needed precludes venue under the "would have worked" prong of Title VII and similar statutes. For example, new FBI Special Agents are "assigned to an FBI Field Office located anywhere in the United States based upon the staffing needs of the FBI and the new Special Agent's particular skills." *Slaby v. Holder*, 901 F. Supp. 2d 129, 134 (D.D.C.

---

[4] Unsupported factual assertions in a response to a motion to dismiss cannot remedy defects in the complaint. *See Breckenridge Enter., Inc. v. Avio Alternatives LLC*, No. 3:08-CV-1782-M, 2009 WL 1469808, at *7 (N.D. Tex. May 27, 2009) ("Plaintiff may not amend its Complaint through briefs submitted in response to a motion to dismiss.").

[5] *See* FAA, Air Traffic Controller Workforce Plan 2019-2028 at 54-62 (available at https://www.faa.gov/air_traffic/publications/controller_staffing/) (listing among twenty-three Air Route Traffic Control Centers (ARTCCs) only one in this district—Fort Worth, Texas (employing 315 controllers); listing among 290 additional facilities only nine in this district—Abilene Tower (25 controllers), Addison Tower (14 controllers), Alliance Tower (18 controllers), Amarillo Tower (23 controllers), Dallas - Ft. Worth Terminal Radar Approach Control (TRACON) (110 controllers), Dallas Love Tower (28 controllers), DFW Tower (56 controllers), Meacham Tower (21 controllers), and Lubbock Tower (20 controllers); overall, as of September 29, 2018, these locations employed approximately 4.4 percent of the FAA's controllers—630 of 14,278).

2012).  Because of this, the court rejected venue under the "would have worked" prong of the Rehabilitation Act, concluding that "any guess at where the aggrieved person would have worked as a Special Agent following his training would be merely speculative before he was assigned a placement."  *Id.*  Similarly, in *Kapche*, the Southern District of Texas concluded that plaintiff had failed to carry his burden in light of the same FBI policy because "[a]ny attempt to determine" where plaintiff would have worked "would amount to improper speculation."  2007 WL 3270393, at *5 (so concluding even though plaintiff's top choices were all located in Texas and he asserted that "virtually all agents are assigned at one of their top choices").  Thus, venue for a Title VII claim involving new FAA controllers, as with FBI agents, must rely on a different prong of the venue statute.

     Nor can Plaintiff rely on his alleged interest in a future transfer to Texas to establish venue.  *See* Pl.'s Opp'n at 3 (asserting that "Plaintiff holds Texas as his home" and "it is likely that he would have eventually sought a transfer or relocation back to Texas"); *id.* (also claiming that Plaintiff "is now living in Texas and has intent in remaining in the state").  Setting aside the facial inadequacy of these assertions because working in "Texas" would not necessarily establish venue in this judicial district, it is well established that speculation about future relocation cannot satisfy a "would have worked" venue provision.  *See, e.g.*, *Crowley v. Holder*, 843 F. Supp. 2d 1, 3 (D.D.C. 2011) ("[T]he idea that an employee might someday wish to be transferred to Washington does not invoke the venue provision."); *Soul v. Movado Retail Group, Inc.*, No. 1:06-CV-2115, 2007 WL 1119296, at *3 & n.2 (M.D. Pa. Apr. 10, 2007) (holding that plaintiff failed to establish the necessary "but for" causation when he asserted that "he would have requested a transfer to [defendant's] store in Lancaster, Pennsylvania" if he had continued

working for defendant).[6]  The facts in this case are that (1) at the time of his application, Plaintiff lived in Indiana, not Texas, *see* App. 006, ECF No. 22-1; *see also* Pl.'s Opp'n at 3 (admitting that "when he applied for the FAA five years ago . . . he was living in a different state"), (2) in his application, Plaintiff's first choice for assignment was the "Eastern Geographic Area," which does not include Texas, *see* App. 003 ¶ 8, App. 009, and (3) the "FAA made no guarantees on geographic area preference" but instead "maintained the authority to decide where a trainee is placed according to agency need."  App. 003 ¶ 8, App. 009.  Plaintiff simply cannot show that he "would have worked" in this judicial district "but for" the alleged discrimination.

Because venue is improper in this Court, this action must be dismissed or transferred to a court with venue, such as the District of Columbia.  *See* Defs.' Mot. at 7, ECF No. 22.

## II.     Even If Venue in This Court Were Available, Transfer Is Warranted.

### A.     This Case Should Be Transferred to the Court Handling the First-Filed Case

Defendants have demonstrated that this case should, alternatively, be transferred to the District of Columbia under the first-to-file rule.  *See* Defs.' Mot. at 8-11; *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ("[W]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases  substantially overlap.").

---

[6] *See also Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 5 (D.D.C. 2013) (rejecting as "too speculative" assertion that because plaintiff had become a "floater" supporting other employees it was "unknown as to whether or not Plaintiff would have resumed working at one of the Defendant['s] offices" in the judicial district); *EEOC v. Store Opening Solutions, Inc.*, No. 3:09-63, 2010 WL 11515507, at *2 (N.D. Ga. Mar. 8, 2010) (denying venue based on "speculation" that "if [plaintiff] had continued to work for Defendant it is 'highly likely' that she would have worked at another site" in that judicial district, because she had worked in that district once before); *Bowie v. U.S. Food Serv.*, No. 08-05833, 2009 WL 637382, at *3-4 (E.D. Pa. Mar. 11, 2009) (rejecting as "mere speculation" plaintiff's "assert[ion], without any factual support, that she could have worked in Pennsylvania in the future"); *Jackson v. Williams Plant Servs., LLC*, No. 1:05-CV-830, 2006 WL 1148824, at *2 (M.D. Ala. May 1, 2006) (holding that "[Plaintiff's] speculation regarding where she may have worked sometime in the future had the discrimination not occurred fails to satisfy Title VII's venue requirements" where plaintiff claimed she "had been working in Alabama for [defendant] prior to the Georgia job and, more than likely, would have worked in Alabama for [defendant] in the future").

Plaintiff argues for an extremely narrow interpretation of this doctrine, claiming that there is no "substantial overlap" if "the outcome of one is not necessarily dispositive of the other."  Pl.'s Opp'n at 4-5 (quoting *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 631 (W.D. Tex. 2018).  Plaintiff errs in treating this single factor as dispositive.  Decisions in this district are clear that "the issues presented and identity of parties in the two cases need not be identical." *Brocq v. Lane*, No. 3:16-CV-2832-D, 2017 WL 1281129, at *2 (N.D. Tex. Apr. 6, 2017); *see also Technology Ins. Co. v. Ben E. Keith Co.*, No. 3:14–CV–3476–B, 2015 WL 4367597, at *2 (N.D. Tex. July 15, 2015) ("The two actions only need involve closely related questions or common subject matter.").  Indeed, the case Plaintiff relies upon actually employed a multi-faceted inquiry.  *See Hart*, 290 F. Supp. 3d at 631-33 (using the "not necessarily dispositive" factor merely to establish "differences between the issues" before going on to weigh numerous other factors and concluding that "at bottom, applying the [first-to-file] rule to this case would not align with the rule's underlying policies, which ultimately relate to efficiency and conservation of judicial resources").[7]

Defendants rest on their opening brief's explanation of the substantial overlap between *Brigida* and the present case, which highlighted the "efficiency and conservation of judicial resources" concerns that animate the first-to-file rule.  *See Hart*, 290 F. Sup. 3d at 631.  Both cases challenge the same set of actions—FAA's revision of its controller hiring process as applied in February 2014.  *See* Defs.' Mot. at 1-4, 9.  Both cases stem from a common set of facts.  *See id.* at 9-10 & n.7 (identifying "27 paragraphs of the complaints [that] are identical or

---

[7] For the same reason, Plaintiff errs in asserting that "courts should not transfer on these grounds if there is a difference in the parties in question."  Pl.'s Opp'n at 5 (citing *Hart*, 290 F. Supp. 3d at 629).  *Hart* acknowledges that the Fifth Circuit "made clear . . . that the first-to-file rule may still be applicable even where different defendants are involved in each action," and ultimately treated the "differences between . . . the parties" as "among the factors courts may consider."  *Hart*, 290 F. Supp. 3d at 632.

6

nearly identical"). And because both cases raise the same fundamental issue—whether FAA was engaged in intentional discrimination in making the revisions—"much of the proof adduced would likely be identical." *Brocq*, 2017 WL 1281129, at *3; *see* Defs.' Mot. at 10-11. While the legal theories and class definitions are different, divergent legal theories do not negate the substantial overlap. *See, e.g.*, *Victaulic Co. v. Romar Supply, Inc.*, No. 3:13–CV–02760–K, 2013 WL 6027745, at *2 (N.D. Tex. Nov. 14, 2013).

In sum, this action should be transferred to the District of Columbia "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co.*, 174 F.3d at 603 (citation omitted).

### B.     Alternatively, This Case Should Be Transferred Under 28 U.S.C. 1404(a)

Defendants have carried their burden to show that the District of Columbia is "clearly more convenient than the venue chosen by the plaintiff." *Blackberry Limited v. Avaya, Inc.*, No. 3:16-cv-2185-M, 2017 WL 4512835, at *2 (N.D. Tex. Oct. 10, 2017). Accordingly, even if venue were proper in this Court and the first-to-file rule was inapplicable, the Court should exercise its "broad discretion" to transfer this case under 28 U.S.C. § 1404(a). *In re Volkswagen Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

Defendants rest on their opening brief's explanation of why the private and public interest factors tip decisively in favor of transfer here. *See* Defs.' Mot. at 12-15. Plaintiff relies exclusively on his own convenience, arguing that all the other factors are neutral. *See* Pl.'s Opp'n at 8-10. It suffices to note his disregard for this Court's observation that "[t]he convenience of witnesses is often regarded as the most important factor in deciding a motion to transfer venue." *Raz Imports, Inc. v. Luminara Worldwide, LLC*, No. 3:15-cv-02223-M, 2015

7

WL 6692107, at *6 (N.D. Tex. Nov. 3, 2015).  Defendants have shown that most witnesses and documents are located in Washington, D.C., including three former FAA officials expressly identified by Plaintiff in the complaint.  *See* Defs.' Mot. at 12-13.  Plaintiff's only rebuttal to this key factor is a case weighing convenience regarding "the [150 mile] distance between Marshall and Dallas."  *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776-77 (E.D. Tex. 2000) (concluding that the distance was "negligible" and refusing to "transfer a federal lawsuit for the sole reason of preventing a two-and-a-half-hour drive by a few witnesses").  That reasoning has little relevance to the distance and scale involved in this class action, especially where Plaintiff identifies no one other than himself convenienced by this forum.

## CONCLUSION

For the reasons set forth above, the Court should grant Defendants' motion and dismiss this case or transfer venue to the U.S. District Court for the District of Columbia.

| | |
|---|---|
| DATED: April 12, 2019 | JOSEPH H. HUNT<br>Assistant Attorney General<br><br>ERIN NEALY COX<br>United States Attorney<br><br>JOSHUA E. GARDNER<br>Assistant Branch Director<br>Civil Division, Federal Programs Branch<br><br>*/s/  Galen N. Thorp*<br>GALEN N. THORP (V.A. Bar No. 75517)<br>Senior Counsel<br>MICHAEL DREZNER (V.A. Bar No. 83836)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20530<br>Telephone: (202) 514-4505<br>Facsimile: (202) 616-8470<br>Email: michael.l.drezner@usdoj.gov<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

On April 12, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Galen N. Thorp
GALEN N. THORP