## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS K. JOHNSON, on behalf of himself and the Class he seeks to represent, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-cv-02431-M |
| UNITED STATES DEPARTMENT OF TRANSPORTATION; ELAINE CHAO, Secretary of the U.S. Department of Transportation; FEDERAL AVIATION ADMINISTRATION, and DANIEL ELWELL, Acting Administrator of the Federal Aviation Administration, | § § § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants' Motion to Dismiss or, Alternatively, Motion to Transfer Venue.  (ECF No. 22).  For the reasons set forth below, the Motion is GRANTED IN PART.

## I.    BACKGROUND

On September 12, 2018, Plaintiff Lucas Johnson brought this putative class action suit against the United States Department of Transportation ("DOT"), the Federal Aviation Administration ("FAA"), Elaine Chao, and Daniel Elwell (collectively, "Defendants") for violations of Title VII of the Civil Rights Act of 1964.  (ECF No. 2).  In January 2014, the FAA implemented a new hiring policy that required applicants for air traffic controller positions ("ATC Applicants") to pass an online screening test called the "Biographical Assessment" ("BA") in order to be eligible for employment.  (ECF No. 10 ¶ 17).  Plaintiff alleges that an ATC Applicant is allowed to take the Air Traffic Selection and Training Exam ("AT-SAT") aptitude

test only after passing the BA.  (ECF No. 10 ¶ 17).  On February 10, 2014, the FAA opened

vacancy announcement FAA-AMC-14-ALLSRCE-33537 ("33537") to solicit ATC Applicants.

(ECF No. 10 ¶ 19).  In accordance with the new hiring policy, all 33537 ATC Applicants were

required to take and pass the BA before proceeding to the AT-SAT.  (ECF No. 10 ¶ 19).

Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, alleging that

Defendants engaged in racial-balancing without just cause through the use of the BA, which

allegedly resulted in unlawful discrimination against himself and similarly situated individuals.

(ECF No. 10 ¶¶ 11-12).  Plaintiff alleges that the new hiring policy was designed to

"disadvantage candidates with aviation experience," and that the BA was used "to improperly

screen applicants . . . by race and national origin."  (ECF No. 10 ¶¶ 94, 153(a)).  Plaintiff further

alleges that the improper changes to the hiring process were implemented improperly to create "a

system more favorable to African-American applicants."  (ECF No. 10 ¶¶ 15, 16).

On March 8, 2019, Defendants moved to dismiss Plaintiff's Title VII claim for improper

venue under 42 U.S.C. §2000e-5(f)(3).  (ECF No. 22).  Defendants argue that (1) Texas is not

where the unlawful employment practice is alleged to have been committed, (2) Texas is not the

location where the relevant employment records are maintained and administered, and

(3) Plaintiff cannot demonstrate that the Northern District of Texas is where he would have

worked but for the alleged unlawful employment practice.  (ECF No. 22 at 5-7) (citing 42 U.S.C.

§ 2000e-5(f)(3)).  The Court finds that venue is not proper in this District, and that transfer to the

District of Columbia is warranted under § 1406(a).[1]

---

[1] Defendants also argue that the Court should dismiss the DOT, FAA, and Daniel Elwell as improper defendants.
Because the Court finds that venue is improper and transfer is appropriate, it declines to address whether those
defendants are proper.

## II.    LEGAL STANDARD

Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) allow for the dismissal or transfer of an action that has been brought in an improper venue. *Emelike v. L-3 Comm'cns Corp.*, No. 3:12-cv-2470, 2013 WL 1890289, at *1 (N.D. Tex. May 7, 2013). Once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper, but the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Ginter ex rel. Ballard v. Belcher, Predergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). Courts may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments, "including affidavits or evidence submitted by [Defendant] in support of its motion to dismiss, or by Plaintiffs in response to the motion." *Id.*

If venue is improper, a district court has broad discretion in determining whether to dismiss or transfer a case. *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). Section 2000e–5(f)(3) governs venue in Title VII cases and provides in relevant part:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

Venue in a Title VII action is proper only in the judicial districts that satisfy one of the criteria of § 2000e–5(f)(3). *Emelike*, 2013 WL 1890289, at *2. "It has been established that this [Title VII] special venue statute supersedes any general venue provision." *See In Re: Horseshoe Entertainment,* 305 F.3d 354, 361 n.2 (5th Cir. 2002) (per curiam).

## III.    ANALYSIS

The Court finds that Plaintiff has failed to establish that venue is proper under Section 2000e-5(f)(3).

First, venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 U.S.C. § 2000e–5(f)(3).  Plaintiff does not allege that any discriminatory actions took place in Texas.  Rather, Plaintiff's claim is ultimately based on the FAA's decision to adopt a new hiring process, which was made in Washington, D.C.  (ECF No. 22-1 at App. 005; ECF No. 10 ¶¶ 153).  Therefore, venue based on the location of the alleged unlawful practice does not lie in Texas.  *See Vasser v. McDonald*, 72 F.Supp. 3d 269, 277–79 (D.D.C. 2014) (holding that this first option provided venue only where the decisionmaker took his actions, even though part of the administrative process for the application occurred in another state); *Kapche v. Gonzalez*, No. V-07-31, 2007 WL 3270393, at *4 (S.D. Tex. Nov. 2, 2007) (holding that because the claim stemmed solely from administrative decisions made by FBI officials in the District of Colombia, it is the only location where unlawful practices were "committed").

The special venue provision also allows venue "in the judicial district in which the employment records relevant to such practice are maintained and administered."  42 U.S.C. § 2000e–5(f)(3).  Plaintiff does not allege that any FAA employment records regarding the new hiring process are maintained or administered in the Northern District of Texas.  Instead, the employment records relevant to the BA are located in Washington, D.C., where the FAA is headquartered.  (ECF No. 22-1 at App. 004-005).

Finally, the special venue provision allows venue "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e–5(f)(3).  Plaintiff states that he "is a resident of and is domiciled in Dallas, Texas."  (ECF No. 10 ¶ 1).  Plaintiff argues that, because he "is now living in Texas and has intent in remaining in the state and would desire employment therein," he "would have

eventually sought a transfer or relocation back to Texas" and "would have quite possibly been placed within this district's jurisdiction" but for the alleged discriminatory practices. (ECF No. 26 at 3).

These allegations are not sufficient to meet Plaintiff's burden because "conclusory allegations, speculation, and unsubstantiated assertions cannot be used to establish proper venue." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *Charles v. SBC Disability Income Plan*, No. 6:05-CV-006-C, 2005 WL 8159403, at *2 (N.D. Tex. Sept. 19, 2005). Plaintiff cannot rely on the fact that there were possible job placements in Texas because the general distribution of an employer's workforce is an inadequate basis for venue under Title VII. *See Kapche*, 2007 WL 3270393, at *5 (concluding venue not proper even though plaintiff's top choices were all located in Texas and "virtually all agents are assigned at one of their top choices."). Plaintiff lived and worked in Indiana while applying for 33537 and did not list Texas as a place that he wished to work if hired by the FAA. (ECF No. 22 at 7, App. 006, App. 009). Further, even though the FAA places trainees at facilities nationwide and allows ATC Applicants to express a preference for certain locations, Plaintiff could not have dictated his assignment to Texas. (ECF No. 22 at 7; *see also* ECF No. 22-1 at App. 004). An attempt, therefore, to determine that Plaintiff "would have worked" in this District based on the record before the Court would amount to improper speculation. *See Kapche*, 2007 WL 3270393, at *5.

Having concluded that Plaintiff has failed to establish that venue is proper in this District, the Court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper. 28 U.S.C. § 1406(a); *see also Caldwell*, 811 F.2d at 919; *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F.Supp. 3d 599, 606 (N.D. Tex. 2017). While venue is improper in this District, venue is proper in the District Court for the District of

Columbia, where the decision underlying Plaintiff's claim originated and where Defendants administer and maintain relevant employment records. 42 U.S.C. § 2000e–5(f)(3). The Court, therefore, transfers Plaintiff's claim under Rule 12(b)(3) and § 1406(a). It will be up to that Court whether to join this action with the pending case of *Brigida v. Chao* (No. 1:16-cv-02227 (D.D.C.).

## IV.     CONCLUSION

IT IS ORDERED that Defendants' Motion to Dismiss (ECF No. 22) is GRANTED IN PART. Venue is improper in the Northern District of Texas, and the case is transferred to the District Court for the District of Colombia, pursuant to 28 U.S.C. § 1406(a). The Clerk is directed to close this case after transferring it to the District Court for the District of Colombia.

**SO ORDERED**.

June 26, 2019.

BARBARA M. G. LYNN
CHIEF JUDGE