IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUCAS K. JOHNSON,<br><br>               Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>TRANSPORTATION, et al.,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:19-cv-1916 (DLF)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants, the United States Department of Transportation (Department) and Elaine Chao, Secretary of the Department, by and through undersigned counsel, hereby answer Plaintiff's Second Amended Class Action Complaint for Declaratory and Injunctive Relief and Damages (Complaint), ECF No. 36, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part due to his failure to present said claims to the Departmental Office of Civil Rights within the requisite time period.

### THIRD DEFENSE

This Court lacks jurisdiction in whole or in part over Plaintiff's claims because of his failure to exhaust available administrative remedies.

## FOURTH DEFENSE

Plaintiff is barred in whole or in part from recovery because the same decisions Plaintiff complains of would have been made regardless of whether race was a factor in the decisions.

## FIFTH DEFENSE

The Biographical Assessment did not have a disparate impact on the particular group of whom Plaintiff asserts he is a part.

## SIXTH DEFENSE

The Biographical Assessment and other practices regarding selection of applicants for hire as Federal Aviation Administration (FAA) air traffic control specialist trainees were job related for the positions in question and consistent with business necessity.

## SEVENTH DEFENSE

The FAA adopted the Biographical Assessment for legitimate, nondiscriminatory reasons.

## EIGHTH DEFENSE

Plaintiff is barred from recovery in whole or in part because of his failure to mitigate his damages.

## NINTH DEFENSE

Plaintiff's recovery, if any, of compensatory damages is limited to $300,000.00.

## TENTH DEFENSE

Defendants answer the individually numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

The unnumbered introductory paragraph contains Plaintiff's characterization of this action and requires no response.

1. Defendants lack knowledge of information asserted in the first sentence. The second sentence characterizes this action and requires no response.

2. Admitted.

3. This paragraph is denied, except to admit that Elaine L. Chao is the Secretary of the Department and, in that capacity, she is responsible for overseeing the operating administrations of the Department, including the FAA.

4-5. These paragraphs assert conclusions of law, to which no response is required.

6. The first sentence asserts conclusions of law, to which no response is required, but to the extent a response is deemed required, denied. The second through fourth sentences are admitted. The fifth sentence is denied, except to admit that on June 15, 2018, the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations issued a decision affirming the order of dismissal. The sixth sentence is denied, except to admit that the original Complaint was filed within 90 days of June 15, 2018.

7. Denied.

8. The first sentence is denied, except to admit that for several years prior to December 31, 2013, passage of the Air Traffic Selection and Training Examination (AT-SAT) was one of many requirements for Air Traffic Control Specialist-Trainee vacancies. The second sentence is denied, except to admit that the Civil Aerospace Medical Institute (CAMI) developed, validated, and periodically reviewed the AT-SAT, with assistance of outside contractors. The third sentence is denied, except to admit that CAMI documented the validity of the AT-SAT in 2000 and 2001 when it was instituted and examined the validity of the AT-SAT in 2006 when it was reweighted. The fourth sentence is denied, except to admit that, in March 2013, CAMI examined the validity of the AT-SAT as a predictor of training outcomes.

9. This paragraph is denied, except to admit that between 2010 and 2014 the FAA reviewed its air traffic controller hiring process in various ways, including but not limited to evaluating whether the process included unnecessary barriers to employment of protected groups, including African Americans; to further admit that the National Black Coalition of Federal Aviation Employees (NBCFAE) is an employee association that seeks to promote equal employment for African Americans, female and minority employees, to improve employee-management relations and to provide an effective liaison amongst FAA employees and the community at large; to further admit that the NBCFAE sought to promote equal opportunity in the air traffic control hiring process during the approximate time period of 2010 through 2014. This paragraph does not identify the FAA employees or NBCFAE members to whom it refers, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the beliefs of these unspecified individuals.

10. This paragraph consists of plaintiffs' characterizations of the lawsuit and legal conclusions to which no answer is required, but to the extent a response is deemed necessary, denied except to admit that this lawsuit challenges the implementation of the Biographical Assessment in 2014.

11. This paragraph characterizes this action, to which no answer is required.

12-14. These paragraphs assert conclusions of law to which no answer is required.

15-17. These paragraphs assert conclusions of law to which no answer is required, but to the extent a response is deemed required, denied.

18. Denied.

19. This paragraph is denied, except to admit that under the revised, interim hiring process FAA implemented in 2014 all Air Traffic Control Specialist-Trainee applicants were

subject to the same standards and applied under the same announcement, to further admit that personal interviews were eliminated, to further admit that all applicants for Air Traffic Control Specialist-Trainee positions were required to take the Biographical Assessment. With regard to the second sentence, Plaintiff offers no source for the purported quotation. To the extent that the source of the quotation is a news article by Anna Burleson, and attached as Exhibit 5 to Plaintiff's First Amended Class Complaint, Defendants respectfully refer the Court to that media report for a complete and accurate statement of its contents.

20. This paragraph is denied, except to admit that FAA revised its hiring process for Air Traffic Control Specialist-Trainees in advance of the February 2014 vacancy announcement, to further admit that all Air Traffic Control Specialist-Trainee applicants were required to complete an electronic application on the usajobs.gov website, to further admit that the application included an opportunity to voluntarily report race and gender for statistical purposes, to further admit that the application included questions about applicants' experience and required them to submit a resume, to further admit that applicants were required to pass the Biographical Assessment to receive further consideration under the 2014 Announcement.

21. This paragraph is denied, except to admit that the FAA awarded one or more contracts to APT Metrics to review the FAA's hiring practices for Air Traffic Control Specialists, to recommend improvements and to assist in implementing recommended improvements.

22. Denied.

23. This paragraph is denied, except to admit that FAA-AMC-14-ALLSRCE-33537 ("2014 Announcement") opened on February 10, 2014, to further admit that all applicants were required to pass the Biographical Assessment to receive further consideration under the 2014

Announcement, and to further admit that the Biographical Assessment was accessed through an internet portal rather than at a testing center.

24. This paragraph is denied, except to admit that while the vacancy announcement was open, the FAA decided to withhold further pass/fail notices until after the vacancy closed.

25. Denied.

26. This paragraph is denied, except to admit that 26,794 applicants met eligibility requirements and were referred to the BA, to further admit that 2,407 applicants were determined to be eligible for the position based upon their responses to the Biographical Assessment, to further admit that applicants were not provided a numerical grade for the Biographical Assessment.

27. This paragraph is vague because the terms "very large number," "extensive," and "advanced" are undefined. Defendants deny this paragraph, except to admit that some unsuccessful applicants had received air traffic education, flight training, and FAA certificates in certain aviation fields.

28. This paragraph is vague because the terms "many" and "extensive" are undefined. Defendants deny this paragraph, except to admit that some unsuccessful applicants were prior military air traffic controllers, pilots, or individuals who had received college degrees related to aviation.

29. This paragraph is denied, except to admit that FAA publically stated on certain occasions that the Biographical Assessment was professionally validated.

30. This paragraph is denied, except to admit that FAA has published and made publically available certain studies conducted by CAMI to support or assess the validity of tests

used in the selection of air traffic controller applicants, and to further admit that the FAA has not publicly released a validation study regarding the Biographical Assessment used in 2014.

31-33.   Denied.

34.   This paragraph asserts conclusions of law to which no answer is required, but to the extent a response is required, this paragraph is denied.

35-48.   These paragraphs assert conclusions of law to which no answer is required.

49.   Admitted that the Uniform Guidelines on Employee Selection Procedures ("Uniform Guidelines") were promulgated jointly by the EEOC, Department of Labor, Department of Justice, and Civil Service Commission.  *See* 43 Fed. Reg. 38295 (Aug. 25, 1978).

50.   This paragraph characterizes the Uniform Guidelines and the Court is respectfully referred thereto for the terms thereof.

51-52.   These paragraphs assert conclusions of law to which no answer is required.

53-58.   These paragraphs characterize the Uniform Guidelines and the Court is respectfully referred thereto for the terms thereof.

59.   This paragraph characterizes the U.S. Merit Systems Protection Board, Evaluating Job Applicants: The Role of Training and Experience in Hiring, A Report to the President and Congress of the United States (January 2014), and the Court is respectfully referred thereto for the terms thereof.

60.   This paragraph incorporates the allegations in the preceding paragraphs. Defendants restate and incorporate, as though fully set forth herein, the responses contained in the above paragraphs.

61.     This paragraph is denied, except to admit that under the FAA hiring process in effect immediately before the 2014 interim changes, inexperienced air traffic controller applicants were required to pass the AT-SAT to be further considered in the selection process.

62.     Admitted.

63.     This paragraph is denied, except to admit that the AT-SAT was validated as a personnel selection procedure for the air traffic control specialist occupation and as a predictor of achievement of Certified Professional Controller status at the first assigned facility and to further admit the last sentence of this paragraph.

64.     This paragraph appears to be quoting page 45 of the FAA publication entitled, A Plan for The Future, 10-Year Strategy for the Air Traffic Control Workforce, 2013-2022, cited in paragraph 66 of Plaintiff's Second Amended Complaint, and Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents.  To the extent a response is required, this paragraph is denied.

65.     This paragraph is denied, except to admit that FAA documented the validity of the AT-SAT in 2000 and 2001 when it was instituted, examined the validity of the AT-SAT in 2006 when it was reweighted, and in March 2013 examined the validity of the AT-SAT as a predictor of training outcomes.

66.     Defendants admit that, in March 2013, the FAA published A Plan for the Future: 10-Year Strategy for the Air Traffic Control Workforce 2013-2022, and respectfully refer the Court to the quoted document for a complete and accurate statement of its contents.

67-69.  Defendants admit that on or around December 30, 2013, Joseph Teixeira, who at the time was the FAA's Vice President for Safety and Technical Training, sent an e-mail relating to the hiring of air traffic controllers, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

70. Admitted.

71-72. These paragraphs are denied, except to admit that Joseph Teixeira spoke during the January 8, 2014 teleconference, and Defendants lack knowledge or information sufficient to form a belief as to whether the quotations accurately reflect what Mr. Teixeira stated during the teleconference.

73. Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

74. This paragraph is denied, except to admit that the FAA National Employee Forum (NEF) held a meeting in June 2013 and to admit that the members of the NEF include various FAA officials and the heads of the recognized FAA employee associations.

75. This paragraph is denied, except to admit that Dr. James Outtz presented information about a barrier analysis of the FAA controller hiring process at a June 2013 NEF meeting.

76. Denied.

77. This paragraph characterizes a news article by Anna Burleson dated March 5, 2014, attached as Exhibit 5 to Plaintiff's First Amended Class Complaint, and Defendants respectfully refer the Court to that media report for a complete and accurate statement of its contents.

78. This paragraph characterizes testimony provided by DOT Secretary Anthony Foxx before a congressional subcommittee on March 12, 2014, and Defendants respectfully refer the Court to that testimony for a complete and accurate statement of its contents. Defendants deny the allegations to the extent that they are inconsistent with that testimony.

79. Denied.

80-82. These paragraphs characterize a document dated January 28, 2014 and purportedly signed by Roosevelt Lenard, Jr., attached as Exhibit 2 to Plaintiff's First Amended Class Complaint, and Defendants respectfully refer the Court to that document for a complete

and accurate statement of its contents. Defendants admit that Roosevelt Lenard, Jr., an FAA air traffic controller, was then National President of the NBCFAE.

83. Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. In addition, this paragraph contains vague allegations because it does not identify the terms "the time in question," or which "hiring policies," or what is meant by "numerous."

84. This paragraph is denied, except to admit that on or about May 20, 2015, Fox Business aired a broadcast relating to air traffic controller hiring, and Defendants respectfully refer the Court to that broadcast for a complete and accurate statement of its contents.

85. Admitted.

86. This paragraph is denied, except to admit that on or about May 20, 2015, Fox Business aired a broadcast relating to air traffic controller hiring, and Defendants respectfully refer the Court to that broadcast for a complete and accurate statement of its contents.

87. Defendants admit that an FAA contractor stated to an FAA investigator that, on one occasion either just prior to or while FAA vacancy announcement 33537 was open, he along with a former FAA human resources employee and an Air Traffic Control Specialist provided advice and assistance with resume preparation at a church in Maryland. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

89.     Defendants deny that FAA engaged in "widespread discriminatory actions" regarding the 2014 Announcement.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations about when Plaintiff acquired information leading him to believe discriminatory actions occurred.

90.     This paragraph characterizes a document attached as Exhibit 11 to Plaintiff's First Amended Class Complaint, and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

91.     This paragraph is denied, except to admit that the FAA's Human Resource Policy Manual, Chapter 1, established on June 2, 2005, provides that the FAA uses the general guidelines found in the Office of Personnel Management (OPM) Qualification Standards for selections and that the qualifications for any position may include length, type, and quality of experience requirements; education and training requirements; licensure; medical and/or physical requirements; and any other requirements contained in the relevant qualifications standard.

92.     This paragraph characterizes an answer to a "Frequently Asked Question" posted on the OPM's website at https://www.opm.gov/FAQs/QA.aspx?fid=de14aff4-4f77-4e17-afaa-fa109430fc7b&pid=56f30860-6b28-4899-a8f8-459aa856a077&result=1 and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

93.     This paragraph is ambiguous because it does not identify whose definition is being referenced; to the extent it purports to refer to an official definition adopted by OPM, denied.

94.     This paragraph is denied except to admit that the FAA issued Human Resources Policy Manual, Policy Bulletin #84 which provided "[a]ll applicants will complete the

Biographical Assessment" and that the effective date of Policy Bulletin #84 was February 7, 2014; and to further admit that FAA issued vacancy announcement FAA-AMC-14-ALLSRCE-33537 on February 10, 2014.

95.     This paragraph is denied, except to admit that applicants were required to apply online for vacancy announcement FAA-AMC-14-ALLSRCE-33537 in order to receive consideration, to further admit that a resume and completion of the Biographical Assessment were components of the online application, and to further admit that a passing score on the Biographical Assessment was necessary in order to receive further consideration.

96-98.  Denied.

99.     This paragraph is denied, except to admit that the FAA initially provided pass/fail notices to applicants while the vacancy was open, but the FAA made a decision to withhold further pass/fail notices until after the vacancy closed.

100.    This paragraph characterizes a document attached as Exhibit 6 to Plaintiff's First Amended Class Complaint, and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

101-102.   These paragraphs characterize a document attached as Exhibit 7 to Plaintiff's First Amended Class Complaint, and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

103-104.   Admitted.

105.    This paragraph characterizes a document attached as Exhibit 7 to Plaintiff's First Amended Class Complaint, and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

106.    Admitted.

107. This paragraph is denied, except to admit that FAA screened applications for eligibility and minimum experience after the applicants passed the Biographical Assessment.

108. This paragraph is denied, except to admit that the FAA allowed applicants who passed the Biographical Assessment an opportunity to provide any missing documentation.

109. The first sentence is denied, except to admit that Dana Broach, Ph.D, was formerly an industrial psychologist employed by CAMI. The second and third sentences are admitted.

110. The first sentence is denied, except to admit that Dr. Broach was an author of a document titled Using Biodata to Select Air Traffic Controllers, published by CAMI in October 2014. The second sentence characterizes that document, and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

111-112. These paragraphs characterize Exhibit 8 to Plaintiff's First Amended Class Complaint, which is an incomplete excerpt from a larger presentation, and Defendants respectfully refer the Court to the complete document for an accurate statement of its contents.

113. This paragraph is denied, except to admit that FAA publically stated on certain occasions that the 2014 Biographical Assessment was professionally developed and validated.

114. The first sentence is denied. The second sentence is denied, except Defendants admit that under the federal merit systems principles, "selection and advancement should be determined solely on the basis of relative ability, knowledge, and skills, after fair and open competition which assures that all receive equal opportunity." 29 U.S.C. § 2301(b)(1).

115. This paragraph contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied.

116. This paragraph is denied, both because its factual allegations are inaccurate and because it contains Plaintiff's legal conclusions, to which no answer is required.

117. This paragraph is denied, except to admit that, after a May 20, 2015 Fox Business broadcast about air traffic control hiring, FAA conducted at least one investigation into Mr. Snow's actions with respect to the 2014 interim hiring process.

118-121. These paragraphs characterize the DOT Office of Inspector General Report of Investigation, No. I15E012SINV (Aug. 9, 2016), and the Court is respectfully referred to that document for a complete and accurate statement of its contents.

122-124. Denied.

125. This paragraph contains Plaintiff's legal conclusions to which no answer is required, but the extent a response is required, denied.

126. This paragraph incorporates the allegations in the preceding paragraphs. Defendants restate and incorporate, as though fully set forth herein, the responses contained in the above paragraphs.

127. This paragraph characterizes this action, to which no answer is required.

128. This paragraph contains Plaintiff's proposed class definition, to which no answer is required. To the extent a response is required, denied.

129. The first sentence is denied, except to admit that applicants to the 2014 Vacancy Announcement were required to take the Biographical Assessment. The second sentence contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied.

130. This paragraph contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied.

131. The first sentence contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied. The second sentence contains Plaintiff's characterization of this action, to which no answer is required, but to the extent a response is required, denied. The third sentence is denied, except to admit that some applicants who did not pass the Biographical Assessment met the minimum qualifications for the position. The fourth sentence is denied. The fifth sentence is denied, except to admit the FAA adopted a revised, interim hiring process in advance of the 2014 Announcement, which included the Biographical Assessment. The sixth sentence is denied.

132. This paragraph contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied.

133. The first sentence contains Plaintiff's legal conclusions, to which no answer is required. The second and third sentences are denied, except to admit that in 2014, 26,794 applicants met eligibility requirements and were referred to the Biographical Assessment and to further admit that 2,407 applicants were determined to be eligible for the position based upon their responses to the Biographical Assessment. The fourth sentence is denied. The fifth sentence is denied. The sixth sentence contains Plaintiff's legal conclusions to which no answer is required, but to the extent a response is required, denied. The seventh sentence contains Plaintiff's estimate of the number of class members, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence. The eighth sentence is denied. The ninth sentence characterizes the basic qualifications stated in the 2014 Vacancy Announcement and the Court is respectfully referred thereto for the terms thereof; Defendants specifically note Plaintiff's characterization is incomplete in several ways, including omitting the basic qualifications of U.S. citizenship and the ability to speak English clearly

enough to be understood over communications equipment. The tenth sentence contains an assumption by Plaintiff to which no answer is required, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the assumption.

134. The first sentence contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences of this paragraph.

135. The first sentence contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied. The second sentence is denied, except to admit that FAA maintains information regarding applicants to the 2014 Vacancy Announcement, including their self-reported qualifications and their scores on the Biographical Assessment.

136. This paragraph contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied.

137. This paragraph contains Plaintiff's legal conclusions, to which no answer is required, but to the extent a response is required, denied.

138. This paragraph incorporates the allegations in the preceding paragraphs. Defendants restate and incorporate, as though fully set forth herein, the responses contained in the above paragraphs.

139. This paragraph is denied, except to admit that Plaintiff's unofficial transcript submitted with his 2014 application stated that he received Bachelor of Science degrees from Arizona State University in 2013 in Air Traffic Management and Aeronautical Management

Technology (Air Transportation Management); and to further admit that Plaintiff's application stated that he received training in Safety Management Systems, Internal Improvement Programs, OSHA Regulations and Training, Federal Aviation Regulations, EPA Regulations, Republic Airways Station Audit, and US Airways Ramp Operations, and that he had work experience as an intern for the FAA, airport auditor for Mesa Air Group, and safety specialist for Republic Airways Holdings.

140.   This paragraph is denied, except to admit that Plaintiff indicated in his application that he was under 31 years old, that he is a US citizen, that he is "able to speak English clearly enough to be understood over radios, intercoms and similar communications equipment," that he "had at least 3 years of progressively responsible full-time work experience . . . that demonstrates the potential for learning and performing air traffic control work," that he received a Bachelor's degree, and that he had "a combination of experience and education that equates to 3 years".

141.   Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore admit only that Plaintiff's unofficial transcript submitted with his 2014 application stated that he received Bachelor of Science degrees from Arizona State University in 2013 in Air Traffic Management and Aeronautical Management Technology (Air Transportation Management).

142-143.   Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

144.   Defendants admit that Plaintiff applied for FAA-AMC-14-ALLSRCE-33537 and took the Biographical Assessment in February 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's motivations and beliefs.

145. This paragraph is denied except to admit that Plaintiff was notified that he did not pass the Biographical Assessment, and to further admit that numerical scores were not provided to applicants.

146. Defendants admit that FAA did not extend an offer of employment to Plaintiff as a result of his application in 2014. Whether this non-selection constitutes an adverse employment action is a conclusion of law to which no answer is required.

147. Defendants deny the allegation that the Biographical Assessment was not validated. Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations about when Plaintiff acquired information leading him to believe that the Biographical Assessment was not validated.

148. Defendants deny the allegation that the Biographical Assessment was used to penalize those with aviation education or work experience. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about when Plaintiff acquired information leading him to believe that the Biographical Assessment was used to penalize those with aviation education or work experience. Defendants further note that this assertion about Plaintiff's knowledge is vague because it is not qualified with respect to a particular time period.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph both because the terms "certain element" and "infected with NBCFAE bias" are vague and because these allegations concerns the internal beliefs of unidentified individuals.

150-151. Denied.

152. This paragraph contains Plaintiff's legal conclusions to which no answer is required, but to the extent a response is required, denied.

153. This paragraph contains Plaintiff's legal conclusions to which no answer is required, but to the extent a response is required, denied.

154. This paragraph incorporates the allegations in the preceding paragraphs. Defendants restate and incorporate, as though fully set forth herein, the responses contained in the above paragraphs.

155. The first sentence characterizes this action, to which no response is required. The second sentence contains Plaintiff's legal conclusions to which no answer is required, but to the extent a response is required, denied.

156-157. These paragraphs contain Plaintiff's legal conclusions to which no answer is required, but to the extent a response is required, denied.

158. Denied.

159-161. These paragraphs contain Plaintiff's legal conclusions to which no answer is required, but to the extent a response is required, denied.

162. This paragraph and the remainder of the Complaint state Plaintiff's prayer for relief, to which no answer is required. To the extent that a response is deemed necessary, Defendants deny that Plaintiff or putative class members are entitled to the relief requested or any relief.

Defendants hereby deny all allegations of the Complaint not otherwise specifically answered above.

Wherefore, having fully answered, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice, and awarding Defendants their costs and attorney's fees and such other relief as the Court deems just and proper.

DATED: February 14, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Galen N. Thorp*
GALEN N. THORP (V.A. Bar No. 75517)
Senior Counsel
MICHAEL DREZNER (V.A. Bar No. 83836)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendants*